Filed 9/19/14  P. v. Yang CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>SOR YANG,<br><br>    Defendant and Appellant. | F066419<br><br>(Super. Ct. No. F12904100)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Jonathan B. Conklin and John F. Vogt, Judges.[†]

Scott N. Cameron, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Jamie A. Scheidegger, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P.J., Detjen, J., and Franson, J.

[†]     Judge Conklin heard appellant's motion to substitute counsel.  Judge Vogt presided over appellant's trial and sentencing hearing.

INTRODUCTION

Appellant Sor Yang was charged, in an information filed on June 26, 2012, with sexual intercourse or sodomy with a child 10 years of age or younger (Pen. Code, § 288.7, subd. (a), count 1)[1] and a lewd or lascivious act on a child under the age of 14 years (§ 288, subd. (a), count 2). The information was filed after appellant was held to answer at the conclusion of a preliminary hearing on June 20, 2012. Appellant was represented by Franz Criego.

Appellant brought a motion pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*) to have Mr. Criego relieved as his trial counsel. After a hearing on September 20, 2012, the trial court denied appellant's *Marsden* motion. At the conclusion of a court trial on October 12, 2012, appellant was found guilty of both counts. On November 9, 2012, appellant was sentenced on count 1 to a prison term of 25 years to life. The court stayed appellant's term of eight years on count 2 pursuant to section 654.

Appellant contends the trial court erred in denying his *Marsden* motion. We affirm the judgment.

## FACTS

### *Offense*

At the time of trial, G.X. was seven years old and attending the third grade. G.X. lived with her mother (P.X.), a brother, appellant, and appellant's children. P.X. was married to appellant. G.X. and P.X. explained that one evening in June 2012, appellant called G.X. into the bedroom after she had showered and dressed. G.X. said that appellant asked two of his children that were in the room to leave.

G.X. testified that once she was in the bedroom, appellant locked the bedroom door, turned on the television, and closed the window. G.X. explained that appellant

---

[1] All statutory references are to the Penal Code.

pulled down his pants, pulled down G.X.'s dress and her underwear, and placed his penis inside her vagina. G.X. was lying down.[2] Appellant was moving up and down slowly. Appellant said "shh" to keep G.X. quiet. Appellant stopped when P.X. entered the room.

P.X. explained that G.X. was in the bedroom closet dressing. P.X. was watching television with appellant and he told P.X. to take a shower. P.X. got a towel and exited the bedroom but did not close the door all the way. P.X. could still see inside the bedroom from the hall. Instead of showering, P.X. brushed her teeth. When P.X. returned to the bedroom, she could not open the bedroom door without using a key.

When P.X. opened the door, she saw appellant naked. G.X. was lying on the edge of the bed, not wearing any bottom clothing. Appellant was lifting G.X.'s legs up and was in the process of having intercourse with her. P.X. also described appellant as being between G.X.'s legs and thrusting. P.X. screamed twice. Appellant and G.X. got dressed. P.X. told the family she was calling the police. Appellant asked P.X. not to call the police because he did not want to go to jail. P.X. called the police.

A sexual assault examination was performed on G.X. Several swabs were collected from G.X. One swab was taken from a small amount of yellow drainage from the bottom opening of G.X.'s vaginal area. Other swabs were taken from the vulvar area and the vestibular area. The nurse examining G.X. noted that G.X. had an abnormal anal/genital examination because of redness and tenderness. The parties stipulated that a DNA sample was taken from appellant. Five swabs from G.X. were tested for the presence of seminal fluid. The discharge and vulvar swabs tested presumptively positive for the presence of seminal fluid. The vestibular swab tested negative for the presence of seminal fluid.

---

[2] Appellant pushed G.X. onto the bed. G.X. showed the court where appellant placed his penis inside of her using anatomical charts.

3

Based on further DNA testing, appellant could not be eliminated as a contributor of the semen found on the swabs that were presumptively positive for the presence of semen. DNA was also found from an unknown female, but the victim was eliminated as a contributor. Because of the type of DNA testing performed, all paternally related males, such as brothers of the same father and sons of the appellant, could not be eliminated as possible contributors of the DNA. Three boys older than 10 years of age lived in the home. Two of these boys were appellant's sons. One of these boys was the victim's brother and P.X.'s son.

The DNA collected, however, was consistent with appellant's DNA. The DNA profile from the material collected would be seen in one out of every 266 Asian males, one in every 872 Hispanic males, one in every 1,167 African-American males, and one in every 1,908 Caucasian males. Detective Thaoseng Xiong testified there was no indication that a pubic hair was recovered from the victim.[3]

*Marsden Hearing*

At the closed *Marsden* hearing, appellant told the court he did not like Mr. Criego because they did not get along and appellant did not want Mr. Criego to be his attorney. Appellant complained that he had been in jail the whole time and counsel had not visited him in jail.

Mr. Criego explained that he had a conversation with his client in which appellant said he never touched, raped, or had sexual intercourse with the victim. Mr. Criego explained to appellant that a man's fixtures are like plumbing, they leak all over. Mr. Criego told appellant that if he touched the victim there would be seminal fluid somewhere on her body. Mr. Criego understood from discovery that a pubic hair had

---

[3] Apparently a photograph taken as part of the sexual assault examination showed a pubic hair, but it was not further investigated and was not part of the physical evidence used at trial.

4

been extracted from inside the victim's vaginal cavity and it belonged to appellant. Mr. Criego explained to appellant that the evidence collected against him was damning. Mr. Criego believed his conversation with appellant was sufficient to proceed to trial.

Mr. Criego was also aware that the victim's mother was inside the bedroom, appellant asked her to leave, and when she returned from brushing her teeth, the door was locked. When the mother opened the door, she saw her daughter barely dressed and took a cell phone picture of the almost naked victim. The victim also gave statements to investigators that appellant had raped her. Appellant did not like what Mr. Criego had to say. Appellant replied it was only an accusation and it did not happen that way.

The trial court explained to appellant that appellant's counsel was explaining that appellant believed the evidence against him was wrong. The court noted that from what counsel had told the court, he had great knowledge about the case. The court observed that counsel had read the police reports and reviewed the medical evidence. Counsel had talked to people, indicating to the court that counsel had done quite a bit of work preparing for trial.

The court noted it was aware of appellant's frustration because counsel had not visited him. The court said counsel had talked to appellant and appellant had told counsel his defense, which was that appellant did not commit the offense. Defense counsel explained to the court that he had no other reason to converse with appellant because counsel was aware of the defense and was preparing for it. The court reiterated its awareness that appellant wanted to see his counsel more often, but explained that counsel was preparing for trial and was aware of appellant's position. The court found that Mr. Criego was acting as a defense attorney should act and was working hard for appellant. The court found that there did not appear to be a breakdown in attorney-client communication other than appellant's wish to talk more to counsel. The court denied the *Marsden* motion.

5

The court further explained to appellant that Mr. Criego has many trials and when he is in trial he cannot visit appellant in jail.  The court told appellant that Mr. Criego dedicates his time to the person who is in trial and will be very attentive to appellant during trial.  Appellant again stated that he did not want Mr. Criego as his counsel.  The court noted it had made its findings and Mr. Criego would continue to represent appellant.

### *MARSDEN*

Appellant contends the trial court erred in denying his *Marsden* motion because he made a sufficient showing that denial of his motion to substitute his trial counsel would substantially impair his right to effective counsel and the trial court failed to make an adequate inquiry of his complaints.  We disagree.

When a defendant seeks substitution of appointed counsel pursuant to *Marsden*, the trial court must permit the defendant to explain the basis of his or her contention and to relate specific instances of inadequate performance by counsel.  A defendant is entitled to relief if the record clearly shows that appointed counsel has not provided adequate representation, or, that the defendant and counsel have become embroiled in such an irreconcilable conflict that ineffective representation is likely to result.  (*People v. Streeter* (2012) 54 Cal.4th 205, 230 (*Streeter*); *People v. Taylor* (2010) 48 Cal.4th 574, 599 (*Taylor*).)

On appeal, we review the denial of a *Marsden* motion for abuse of discretion.  The denial of the motion is not an abuse of discretion unless the defendant has shown that the trial court's failure to replace counsel would substantially impair the defendant's right to assistance of counsel.  (*Streeter*, *supra*, 54 Cal.4th at p. 230; *Taylor*, *supra*, 48 Cal.4th at p. 599.)

In *Streeter*, the Supreme Court found that the defendant's complaint that his counsel failed to communicate with him during a two-week period between a penalty

6

phase mistrial and counsel's request to be relieved as the defendant's attorney did not sufficiently establish incompetence. The trial court found that trial counsel had performed adequately and accepted counsel's representation that he could continue to represent the defendant professionally. (*Streeter*, *supra*, 54 Cal.4th at p. 230.) Tactical disagreements between a defendant and his or her attorney or a defendant's frustration with counsel are not sufficient reasons for substitution of counsel. (*Id*. at pp. 230-231.)

Here, appellant expressed frustration that Mr. Criego had not communicated with him while appellant was in jail awaiting trial. The only other complaint appellant lodged was that he did not want Mr. Criego as his counsel. The trial court gave appellant multiple opportunities during the *Marsden* hearing to express any other complaints or concerns. Appellant failed to do so. During the *Marsden* hearing, Mr. Criego set forth, at length, the information he had gathered concerning appellant's case. This included the police reports and the forensic evidence gathered. Also, Mr. Criego represented appellant during the preliminary hearing and had opportunities to communicate with appellant at the time of that hearing. Mr. Criego was also aware that appellant's defense was that he did not rape G.X.

The trial court found that Mr. Criego's representation of appellant was adequate. Appellant has failed to demonstrate how this finding was incorrect as of the time of the *Marsden* hearing. Appellant's grievances with Mr. Criego were limited to lack of communication and not wanting him as his counsel. Appellant's frustration with his counsel was similar to the frustration described by the Supreme Court in the *Streeter* case. On this record, appellant has failed to show that appointed counsel has not provided adequate representation, or, that appellant and counsel have become embroiled

in such an irreconcilable conflict that ineffective representation is likely to result.[4] (*Streeter*, *supra*, 54 Cal.4th at p. 230; *Taylor*, *supra*, 48 Cal.4th at p. 599.)

We agree with respondent that appellant's reliance on *People v. Hill* (1983) 148 Cal.App.3d 744, 753-755, is misplaced because in *Hill*, the trial court did not make an inquiry into the defendant's complaints concerning counsel, as the trial court did in the instant action, but improperly relied on the court's prior experience with counsel. Unlike *Hill*, the trial court here did not summarily deny appellant's *Marsden* motion based on the court's prior experience with Mr. Criego. The record here was not silent concerning how Mr. Criego was preparing appellant's defense and the trial court gave appellant opportunities to explain his complaints concerning counsel. Appellant's complaints about Mr. Criego were insufficient to warrant the substitution of counsel.

## DISPOSITION

The judgment is affirmed.

---

**4** Appellant analyzes the evidence adduced at trial in assessing whether the trial court abused its discretion in denying the *Marsden* motion. We agree with respondent that appellant cannot attack the *Marsden* proceeding in this manner. An appeal reviews the correctness of a judgment at the time it is rendered, relying on the record of matters before the court for its consideration. (*In re Zeth S.* (2003) 31 Cal.4th 396, 405.) The trial court made its findings at the *Marsden* hearing based on the information available to it at the time of the hearing, not based on all of the evidence adduced at trial.